WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc Fredrics,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>City of Scottsdale, et al.,<br><br>　　　　　　Defendant. | No. CV-21-00001-PHX-MTL<br><br>**ORDER** |

The Court has reviewed Defendant City of Scottsdale's Motion for Discovery Dispute Resolution Regarding Plaintiff's Insufficient Discovery Responses. (Doc. 60.) Defendant generally complains of Plaintiff's insufficient responses to its non-uniform interrogatories. Defendant argues that the responses fail to identify facts, as opposed to simply reciting the elements of the claims asserted, and incorporates by reference documents and other disclosures. Defendant further argues that Plaintiff has failed to produce relevant text messages and notes. Plaintiff's response incorporates a chart identifying the text of all 25 non-uniform interrogatories, his objections, and responses. Plaintiff's principal objection is that Defendant employs impermissible "contention interrogatories" that call for narrative answers. Plaintiff objects to the form of these interrogatories as unduly burdensome.

The following legal principles apply:

1. A party answering interrogatories has "an obligation to review appropriate materials and respond to the fullest extent possible. [The answering party is] not required

to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Milke v. City of Phoenix*, 497 F. Supp. 3d 442, 466 (D. Ariz. 2020) (cleaned up).

2. Contention interrogatories are generally considered overbroad and unduly burdensome because they call for an answering party "to provide a narrative account of its case." *Gov't Benefits Analysts, Inc. v. Gradient Ins. Brokerage, Inc.*, 2012 WL 3238082, at *9 (D. Kan. Aug 7, 2012) (quoting *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006)). Courts often resolve objections to contention interrogatories by requiring the answering party to identify "the principal or material facts" that are responsive to the discovery request. *Id*.

3. Rule 33(d), Fed. R. Civ. P., generally allows a party to produce business records as a form of answering an interrogatory.

4. "[A]n answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers." *Lawman v. City & County of San Francisco*, 159 F. Supp. 3d 1130, 1140 (N.D. Cal. 2016) (quoting *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Inc. 2000). Put more directly, "Incorporation by reference is not a responsive answer." *Id*.

5. In resolving a dispute concerning written discovery responses, the Court will not sift through the record and make guesses about the problems in the answering party's responses. *See Nehad v. Browder*, 2016 WL 1428069, at *7 n.2 (S. D. Cal. April 11, 2016).

It appears that Plaintiff has not satisfied his duty to provide appropriate discovery answer. The Court agrees with Plaintiff that several interrogatories are overbroad and unduly burdensome because they are formulated as contention interrogatories. But that does not excuse Plaintiff from providing an answer. He must identify the principal or material facts that are responsive to the discovery request. Plaintiff shall supplement his answers accordingly.

To the extent that Plaintiff has responded to interrogatories by incorporating other discovery responses, such methodology requires Defendant to sort through the record and guess as to Plaintiff's response. That is impermissible. Many of Plaintiff's responses reference business records, however, which may be an adequate method under Rule 33(d). Whether a response satisfies Plaintiff's discovery obligation needs to be determined on an individualized basis. Ultimately, Plaintiff will need to supplement some, or all, of his answers that suffer from this defect.

For the most part, Defendant's discovery dispute motion does not engage in an individualized analysis of Plaintiff's objections and answers. The Court acknowledges that Defendant discusses some of its non-uniform interrogatories and, in its view, Plaintiff's insufficient responses. But Defendant largely makes generalized arguments and asks that the Court "order Plaintiff to provide full and complete responses to its discovery requests, including the disclosure of all relevant and responsive documents, within the next five days." (Doc 60 at 3.)

The way this discovery dispute is presented to the Court requires it to sort through pages of interrogatories, objections, and responses. Instead of doing this, the Court will resolve the discovery dispute in Defendant's favor and order that counsel meet and confer using this Order as a guide for Plaintiff's supplemental responses. The parties are advised that, in the event a follow-on discovery dispute on these matters is filed, the Court may consider fee shifting in favor of the prevailing party.

Accordingly,

**IT IS ORDERED** that Defendant City of Scottsdale's Motion for Discovery Dispute Resolution Regarding Plaintiff's Insufficient Discovery Responses (Doc. 60) is resolved in Defendant's favor. No later than **Wednesday, January 12, 2022**, counsel shall meet and confer as specified herein.

To the extent that the parties are unable to reach an agreement, **IT IS FURTHER ORDERED** that a notice of discovery dispute shall be filed no later than **Friday, January 14, 2022**. The notice shall describe with particularity any contested discovery items. As an

accommodation for the number of contested discovery items, and for this filing only, the page limitation on discovery notices shall be excused.

**IT IS FINALLY ORDERED** that Plaintiff shall produce to Defendant the documents described in the Motion in the final paragraph of page 2 and leading onto the beginning of page 3, to wit: copies of the text messages and the notes provided to the EEOC. This production must be completed no later than **Wednesday, January 12, 2022**.

Dated this 6th day of January, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge